**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**BAHRAM OMIDIAN and RAMONA OMIDIAN,**
*on behalf of their child, K.O., a student with a*
*disability,*

           **Plaintiffs,**
    vs.                                            6:05-CV-0398
                                                           (NAM/GHL)
**BOARD OF EDUCATION OF THE NEW**
**HARTFORD CENTRAL SCHOOL DISTRICT,**

            **Defendant.**
_____

APPEARANCES:                                    OF COUNSEL:

Young, Sommer, Ward, Ritzenberg,             Kenneth S. Ritzenberg, Esq.
Baker & Moore, LLC
Executive Woods
5 Palisades Drive
Albany, NY 12205
*Attorney for Plaintiffs*

Ferrara, Fiorenza, Larrison,                      Susan T. Johns, Esq.
Barrett & Reitz, P.C.
5010 Campuswood Drive
East Syracuse, NY 13057
*Attorney for Defendant*

**Norman A. Mordue, Chief U.S. District Judge:**

**MEMORANDUM DECISION AND ORDER**

**I.    INTRODUCTION**

      A bench trial is scheduled to commence on November 2, 2009, to resolve the second claim

for relief in the complaint, which alleges that defendant, the Board of Education of the New

Hartford Central School District ("the District"), "failed to evaluate and properly place K.O. [a student with a disability] in the appropriate educational setting" in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Defendant moves in limine to preclude plaintiffs, Bahram Omidian and Ramona Omidian, who bring this action on behalf of their child, K.O., from introducing evidence of events prior to March 31, 2002, on the basis that: (1) they are outside the three-year statute of limitations applicable to Rehabilitation Act claims; (2) plaintiffs failed to exhaust their administrative remedies with regard these events; and (3) they are irrelevant to the issue of whether the District violated the Rehabilitation Act in connection with the 2002-2003 and 2003-2004 individualized education programs ("IEPs"). Plaintiffs oppose the District's motion.

## II.   DISCUSSION

### A.   Statute of Limitations

The District asserts that any events that occurred before March 31, 2002, *i.e.*, three years prior to the filing of the complaint on March 31, 2005, are barred by the three year statute of limitations applicable to the Rehabilitation Act. *See Morse v. University of Vermont*, 973 F.2d 122 (2d Cir. 1992). Plaintiffs point out that the District did not raise the statute of limitations as an affirmative defense in its answer and argue that the District has therefore waived it. "A claim that a statute of limitations bars a suit is an affirmative defense, and, as such, it is waived if not raised in the answer to the complaint." *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 967 F.2d 742, 751-52 (2d Cir. 1992) (citing Fed. R. Civ. P. 8(c)). Thus, the District waived the statute of limitations.

### B.   Exhaustion of Administrative Remedies/Relevance

2

The District argues that to the extent plaintiffs assert a Rehabilitation Act claim stemming from the 2000-2001 and 2001-2002 school years, it is barred because plaintiffs did not exhaust their administrative remedies with respect to those school years, as required by the Individuals with Disabilities Education Act, ("IDEA"), 20 U.S.C. § 1401 *et seq*. Alternatively, the District asserts that any events that occurred during those school years are irrelevant to the IEPs developed for the 2002-2003 and 2003-2004 school years. In opposition, plaintiffs argue that events occurring during the 2000-2001 and 2001-2002 school years were addressed during the administrative process are and relevant to their Rehabilitation Act claim.

Even assuming that events occurring during the 2000-2001 and 2001-2002 school years were addressed to some extent during the administrative process, the graveman of the complaint is plaintiffs' challenge to the IEPs for the 2002-2003 and 2003-2004 school years and request for reimbursement for the tuition and costs associated with their unilateral placement of K.O. at The Storm King and The Family Foundation schools. In its prior Memorandum-Decision and Order, based on evidence showing faulty IEPs for those two school years, as well as evidence which, when viewed in the light most favorable to plaintiffs, showed "bad faith or gross misjudgment", the Court denied summary judgment on plaintiffs' Rehabilitation Act claim. Dkt. No. 27, p. 56. <u>Thus, the issue for trial is whether the District violated the Rehabilitation Act in connection with its failure to provide K.O. with a free appropriate public education for the 2002-2003 and 2003-2004 school years.</u> *See e.g.*, *R.B. v. Board of Education of the City of New York*, 99 F.Supp. 2d 411, 419 (S.D.N.Y. 2000) ("In the special education context, courts have held that a plaintiff must demonstrate more than an incorrect evaluation or substantively faulty IEP to establish liability; a plaintiff must show that defendants acted with bad faith or gross misjudgment.") (citing *Wenger*

*v. Canastota Central Sch. Dist.*, 979 F.Supp. 147, 152 (N.D.N.Y. 1997)), *aff'd mem.*, 208 F.3d 204 (2d Cir. 2000); *Gabel v. Board of Educ. of Hyde Park Cent. Sch. Dist.*, 368 F. Supp. 2d 313, 334 (S.D.N.Y. 2005) ("The plaintiff is not required to show personal animosity or ill will. Rather, intentional discrimination may be inferred when a school district acts with gross negligence or reckless indifference in depriving a child of access to a F[ree] A[ppropriate] P[ublic] E[ducation].").[1]  Evidence of the District's handling of K.O.'s educational and emotional difficulties prior to March 31, 2002 may be relevant to plaintiffs' claims regarding the 2002-2003 and 2003-2004 school years.  A ruling precluding such evidence would be premature.  The appropriate weight of such evidence is an issue for the Court to determine at trial.

## III.     CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that defendant's motion in limine (Dkt. No. 51) is denied.

IT IS SO ORDERED.

Date:    October 27, 2009

_____
Norman A. Mordue
Chief United States District Court Judge

---

[1] *See also Myslow v. New Milford Sch. Dist.*, No.3:03CV496, 2006 WL 473735, at *9 (D.Conn. Feb. 28, 2006) (noting that although the Second Circuit has never explicitly used the 'bad faith or gross misjudgment' formulation" it has affirmed "at least one district court opinion employing the phraseology" and has also said "that money damages against non-state governmental entities for violations of [the Rehabilitation Act] may be awarded only upon a showing of 'deliberate indifference to the rights secured the disabled by the acts.'") (quoting *Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn*, 280 F.3d 98 at 115 (2d Cir. 2001)).